No. 15,997.

PERKINS *v.* WAGNER.
(202 P. [2d] 150)

Decided January 10, 1949.   Rehearing denied January 31, 1949.

Mr. F. W. HARDING, Miss ONALEE BROWN, for plaintiff in error.

Mr. A. D. QUAINTANCE, Mr. WILLIAM D. JOHNSON, for defendant in error.

*In Department.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFF, who is defendant in error here, brought action in unlawful detainer, alleging her written agreement to sell certain described real estate to defendant,

his failure to make monthly payments as required thereby, her notice of election to rescind and demand for possession and his refusal to vacate.

Defendant by his amended answer set out the contract of purchase, denied his failure to make payments due thereunder, alleged plaintiff's obligation to furnish an abstract showing clear and merchantable title, her failure therein, his offer to accept title as shown upon reduction of the purchase price in the amount of the cost of quieting title, or to rescind the contract and vacate the premises upon repayment of the amount he had paid thereon, her refusal to accept either offer or to quiet title herself, and his election to rescind and his tender of possession upon repayment of the sums paid by him, less a reasonable amount for use and occupancy. The case came on for hearing on December 3, 1947. After taking the case under advisement, the court five days later rendered and entered judgment which, insofar as need here be considered, is as follows:

"And the Court Finds that title could not be tried, and that any evidence to establish said title could not be heard under the procedure in an Unlawful Detainer Complaint.

"And thereupon after hearing the evidence by the plaintiff and the defendant herein having offered none, and being fully advised in the premises, and having taken said cause under advisement; The Court Finds: The issues joined herein in favor of the plaintiff and against the defendant.

\* \* \*

"The Court therefore directs the entry of the appropriate judgment, to-wit: That the plaintiff do have and recover of and from the defendant the possession of said premises, and that a Writ of Restitution issue therefor, and that the plaintiff do have and recover of the defendant her costs to be taxed."

Thereafter defendant filed motion to amend the judgment, also motion for new trial. When these motions

were heard on December 16, the court made and filed a written statement declaring that there must have been some misunderstanding between the court and counsel for defendant in the matter of the direct examination of the latter's "witness," and that the court then offered defendant "the full right and opportunity to put your witness on the stand and have him testify." This offer was declined and thereupon the court rendered further findings and judgment in part as follows:

"That there was a misunderstanding between the Court and counsel for the defendant, the Court being of the opinion that the defendant had offered no evidence and counsel for the defendant insisting that he had offered to call the defendant to the stand and have him testify for the defense at the conclusion of the plaintiff's case, and the Court being of the opinion that the defendant should have an opportunity to testify in the case, thereupon offered to extend to the defendant the full right to testify in his own behalf which privilege so granted by the Court was refused by the defendant, and the defendant was the only witness for the defendant who was present at the trial of the cause in the first instance.

"It is therefore further ordered, adjudged and decreed That the findings of fact and conclusions of law, and the direction of the entry of judgment be modified as follows, to-wit: That the following paragraph in same, 'And thereupon after hearing the evidence by the plaintiff and the defendant herein having offered none, and being fully advised in the premises, and having taken said cause under advisement, the Court Finds:' be changed to read as hereinafter set forth: That after hearing the evidence by the plaintiff and after tendering to the defendant the opportunity to testify fully in said case and said opportunity having been declined by the defendant, and being fully advised in the premises and having taken said cause under advisement, the Court Finds, and otherwise the findings of fact and conclusions of law

and direction of entry of judgment shall be and remain the same, and,

"It is further ordered, adjudged and decreed by the Court that the motion to amend the judgment is hereby overruled, and the motion for new trial is likewise overruled and denied.

"Done in open Court this 16th day of December, 1947."

It is apparent from the offer of the court to permit defendant to testify on December 16 and the amended findings of the court rendered on that day, that its judgment was based on plaintiff's evidence alone, that defendant desired to adduce evidence in support of his answer and that such evidence was not heard and considered by the court before rendering judgment. The offer to permit defendant to testify after judgment had already been entered against him did not give him his day in court and cannot be sustained.

It is further apparent from the allegations of the amended answer, the finding of the court that title could not be tried in the action, and the brief of defendant in error herein, that the court held that the issue as to plaintiff's title raised by the answer could not be considered. Such holding was error. Under the contract plaintiff was required to furnish merchantable title. Whether she did so and, if not, whether under the circumstances defendant could rely on that as a defense or as a ground for recision could not be determined in the absence of the testimony sought to be offered in his behalf.

Accordingly, the judgment is reversed.

MR. JUSTICE HILLIARD and MR. JUSTICE HAYS concur.